# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30275
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Clifton Lamar Dodd,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CR-243-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Clifton Lamar Dodd of four counts of conveying false information and perpetuating a hoax concerning a biological agent, in violation of 18 U.S.C. § 1038(a)(1)(A). He challenges his convictions on the grounds that the evidence was insufficient to support them; the district court erroneously admitted evidence of his prior convictions for the same and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30275

similar offenses; and the district court violated his right to compulsory process by denying a continuance that would have allowed him to present the live testimony of a key defense witness and instead requiring the witness to testify by teleconference. We decline to consider his inadequately briefed challenge to the district court's denial of his motion for a new trial. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

We review Dodd's challenge to the sufficiency of the evidence de novo. *See United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013). On de novo review, we will affirm a jury verdict "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Reed*, 908 F.3d 102, 123 (5th Cir. 2018) (internal quotation marks and citation omitted). "We do not consider whether the jury correctly determined innocence or guilt, but whether the jury made a rational decision." *United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002).

Dodd does not challenge the sufficiency of the evidence supporting a specific element of the § 1038(a)(1)(A) offenses, such as intent or the conveyance of false information regarding a biological agent; instead, he argues that the Government failed to introduce sufficient evidence to establish that he was the person who committed the charged offenses. He contends that the testimony of the handwriting and fingerprint experts should not have been considered and that the only other evidence supporting his convictions should not have been admitted under Federal Rule of Evidence 404(b). Dodd's challenges to the testimony of the fingerprint and handwriting experts essentially attack their credibility and the weight of their testimony, which are issues that we cannot revisit when assessing the

sufficiency of the evidence supporting a guilty verdict. *See United States v. Doggins*, 633 F.3d 379, 383 (5th Cir. 2011). Given their testimony and other testimony and documentary evidence presented by the Government, a rational juror could have concluded beyond a reasonable doubt that Dodd committed the charged offenses. *See Brown*, 727 F.3d at 335; *Nolasco-Rosas*, 286 F.3d at 765.

Next, Dodd contends that evidence of his prior convictions and the underlying investigations should have been excluded because it was proffered only to prove that he had a propensity to commit the charged offenses.

"This court applies a highly deferential standard in reviewing a district court's evidentiary rulings, reversing only for abuse of discretion. Even then, the error is not reversible unless the defendant was prejudiced." *United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003). Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Here, the similarities between the conduct underlying the prior convictions and the charged offenses were sufficient to establish a distinct pattern of conduct that in turn could support a jury finding of knowledge, intent, and identity. *See United States v. Williams*, 900 F.2d 823, 826 (5th Cir. 1990). Accordingly, the district court did not abuse its discretion in admitting evidence of Dodd's prior convictions and the underlying investigations. *See id.*; *Booker*, 334 F.3d at 411.

No. 22-30275

Finally, Dodd asserts that because the district court could have continued the trial to allow a key defense witness to testify in person, its denial of a continuance and requirement that the witness testify via teleconference was an abuse of discretion that resulted in a miscarriage of justice.

The district court's decision to issue a writ of habeas corpus ad testificandum is reviewed for abuse of discretion. *United States v. Redd*, 355 F.3d 866, 878 (5th Cir. 2003). However, whether a defendant's Sixth Amendment right to compulsory process has been violated is a legal issue that we review de novo. *Id.* Violations of the defendant's right to compulsory process are subject to harmless error review. *See Janecka v. Cockrell*, 301 F.3d 316, 327 (5th Cir. 2002) (citing *Crane v. Kentucky*, 476 U.S. 683, 689 (1986)).

Even if the district court violated Dodd's right to compulsory process by requiring the witness to testify via teleconference, an issue we do not reach, the error was harmless beyond a reasonable doubt because the witness's testimony was of nominal value to the defense and the witness was thoroughly impeached. *See Janecka*, 301 F.3d at 327.

The judgment of the district court is AFFIRMED.